IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAPGERINE, LLC, a Nevada limited liability company, and TAPMEDIA, LLC, a Ukraine limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>50MANGO, INC., a Delaware corporation, and DOES 1–10,<br><br>Defendants. | No. C 16-06504 WHA<br><br>**MEMORANDUM OPINION REGARDING FORUM NON CONVENIENS** |

For the benefit of any future judge in some other jurisdiction in the United States who may acquire this case on the rebound or some successor version of it, this memorandum opinion sets forth the procedural history and the circumstances concerning whether these two Ukrainian enterprises deserve to litigate in the United States. Although in form the corporations are Nevada and Delaware entities, the real interests involved seem to reside in Ukraine.

Plaintiffs filed this complaint on November 8, 2016, here in the federal district court in San Francisco alleging the misappropriation of trade secrets (Dkt. No. 1). Defendant moved to dismiss for failure to state a claim and based on forum non conveniens (Dkt. No. 17). In preparation for the hearing, scheduled March 23, 2017, and to illuminate the actual extent of which the Ukrainian parties had a presence here in the United States, the Court sent out an order re supplemental evidence to be submitted by March, 16, 2017 (Dkt. No. 29). The order asked

both parties to submit additional material via sworn declarations including "a list of all full-time employees stationed in the United States at the time the complaint was filed, their titles, their locations, and work responsibilities," "a list of all United States based clients of any party to this litigation," and "photographs/videos of the Tapgerine, LLC, facility in Las Vegas and the 50Mango, Inc., facility in Redwood City including signage at the front of the building and in the hallway, as well as the interior reception desks/work spaces/anything connected to the internet and employees at work."  The purpose of this request, to repeat, was to corroborate the actual extent of any real presence in the United States of the parties, as claimed by counsel.  If there really was a working office in Las Vegas, it would have been easy, for example, to photograph it. Instead, 21 days after this request, plaintiffs voluntarily dismissed the action.

In anticipation of the requested supplemental information, the Court studied the pending motion to dismiss in favor of an alternative forum in Ukraine, examining whether the alternative forum was adequate, and whether the balance of private and public interest factors favored dismissal.  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981).  If the parties were to litigate this matter, the Court was inclined to remit the parties to litigate in Ukraine.

The Court is concerned that plaintiffs may surface in some other jurisdiction in the United States, claiming to have a presence in Las Vegas or some other city, seeking to take advantage of our court systems rather than their own; if so, this memorandum opinion may update that future judge about the past course of events here.

Dated: March 21, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2