1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TAPGERINE, LLC, a Nevada limited liability
company, and TAPMEDIA, LLC, a Ukraine
limited liability company;

        Plaintiffs,

  v.

50MANGO, INC., a Delaware corporation,
and DOES 1-10;

        Defendants.

_____/

No. C 16-06504 WHA

**ORDER GRANTING
MOTION FOR SANCTIONS**

**INTRODUCTION**

      Following voluntary dismissal of this trade secret misappropriation action, defendant

moves for an award of attorney's fees. For the reasons stated below, the motion is **GRANTED**.

**STATEMENT**

      This is a dispute between plaintiffs Tapgerine, LLC, and TapMedia, LLC, and defendant

50Mango, Inc. TapMedia is a Ukraine limited liability company with its principal place of

business in Ukraine. Tapgerine is a Nevada limited liability company with its principal place

of business allegedly in Las Vegas, and an office in Ukraine. Defendant 50Mango, Inc., is a

Delaware corporation with its virtual principal place of business in Redwood City, California,

and its only physical office in Ukraine.

      On November 8, 2016, plaintiffs commenced this civil action here in the district

court in San Francisco, alleging misappropriation of trade secrets by 50Mango (Dkt. No. 1).

Defendant moved to dismiss for failure to state a claim and based on forum non conveniens (Dkt. No. 17). In opposition to the motion to dismiss for forum non conveniens, plaintiffs asserted that all the sources of proof in this case were located in the United States and that Ukraine was too war-torn and unstable to provide an adequate remedy (Dkt. No. 21 at 8). In preparation for the hearing, scheduled for March 23, 2017, and to illuminate the actual extent to which the Ukrainian parties had any presence here in the United States, the Court sent out an order for supplemental evidence to be submitted by March, 16, 2017 (Dkt. No. 29). The purpose of this request was to corroborate the actual extent of any real presence in the United States of the parties, as claimed by counsel.

Instead of providing the Court with photographic evidence of their presence here in the United States, plaintiffs voluntarily dismissed the action 21 days after the request was made (Dkt. No. 34). 50Mango then brought this motion for attorney's fees (Dkt. No. 37). Shortly after, 50Mango filed an administrative motion to continue the hearing on its motion in an attempt to remedy its failure to meet and confer in compliance with Local Rule 54-5 before making a motion for award of attorney's fees (Dkt. No. 39). The Court denied the administrative motion but reserved ruling on the real issue teed up by this dispute — whether 50Mango's failure to comply with our local rules warrants denial of its motion to attorney's fees — pending consideration of the motion on its merits (Dkt. No. 43). This order follows full briefing and oral argument.

## ANALYSIS

### 1. PLAINTIFFS' BAD FAITH.

Both sides in this dispute are Ukraine businesses, although they each have tiny presences here in the United States. 50Mango contends that plaintiffs acted in bad faith when choosing the present forum and that the only basis for plaintiffs' choice was to force 50Mango to endure the expense and inconvenience of litigating in the United States, rather than in the actual situs of the parties and events — Ukraine.

Under its inherent power, federal court's can levy sanctions, including attorney's fees, for bad faith. *See Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 766–67 (2001); *Chambers v. NASCO,*

*Inc.*, 501 U.S. 32, 46 (1991). "Bad faith" encompasses a wide range of willful conduct, including "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001). Whether to impose inherent power sanctions is "a determination that rests in the sound discretion of the district court." *Ibid.*

Before delving into the underlying arguments of the parties, this order will address Tapgerine's transparent attempt to distance itself from its purely Ukrainian co-plaintiff TapMedia for the purposes of this motion. Tapgerine — for the first time in this action — contends that "it is Tapgerine and not TapMedia that has primarily suffered from 50Mango's actions" (Dkt. No. 42-1 ¶ 10). Ironically, plaintiffs' complaint tells a different story. According to the complaint, 50Mango's principals were former employees of TapMedia, and furthermore, it was TapMedia's clients and proprietary software source code 50Mango allegedly attempted to misappropriate (Compl. ¶¶ 11–17). This order therefore will evaluate plaintiffs' bad faith in filing their complaint here in light of 50Mango's alleged conduct towards both Tapgerine as well as TapMedia.

50Mango argues that even though plaintiffs were aware, prior to filing this suit, that all of the relevant people, documents, and other evidence were located in Ukraine, plaintiffs chose to proceed here. Moreover, 50Mango contends that, once challenged, "plaintiffs misled their counsel into believing 50Mango's server and relevant witnesses were located in the United States, in a belated attempt to justify their suit" (Dkt. No. 37 at 4).

Plaintiffs counter that at the time of filing, they were completely unaware of 50Mango's presence in Ukraine since all of their information about 50Mango came from 50Mango's website. Plaintiffs further assert that as soon as they received information that the key components of the lawsuit were situated in Ukraine, plaintiffs dismissed the motion.

*First*, notwithstanding plaintiffs' latest assertion that they had only scant evidence as to who supplied 50Mango with the misappropriated trade secrets, plaintiffs' complaint alleged that TapMedia's former employees Ekaterina Stepanova, Tatyana Gripachevska, Denis Yashanov, and Eugene Khvedchenia were now principals at 50Mango and responsible for the alleged trade

1  secret misappropriation (Compl. ¶¶ 11–18).  As TapMedia's office is in Ukraine, it is therefore

2  reasonable to assume that plaintiffs knew their former Ukrainian employees remained in Ukraine

3  when they jumped ship.  This fact alone, without considering the implausibility that all four

4  individuals moved to California, eviscerates plaintiffs' asserted ignorance of the location of key

5  witnesses.

6      *Second*, notwithstanding plaintiffs' misleading statement that they in good faith

7  voluntarily dismissed the complaint when they discovered the true location of 50Mango,

8  TapMedia, back on November 29, 2016, filed an action in Ukraine against 50Mango on the

9  same facts as the complaint before us (RJN, Exh. E).  Therefore, plaintiffs — at the latest —

10  were aware 21 days after filing the complaint in San Francisco and prior to 50Mango moving

11  to dismiss (filed January 20) that 50Mango was present and amenable to the courts in Ukraine.

12  In addition, 50Mango in its motion to dismiss submitted a sworn declaration of 50Mango's CEO

13  Ekaterina Stepanova, declaring that of the four who allegedly jumped ship, two were in Ukraine

14  and two had nothing to do with 50Mango.  Stepanova further states that all key evidence, as well

15  as witnesses were located in Ukraine and all points of contact between 50Mango and plaintiffs

16  took place in Ukraine. (Dkt. No. 17-2 ¶¶ 1-13).  Instead of dismissing this suit then and pursuing

17  these theories in Ukraine, plaintiffs vigorously opposed forum non conveniens and clung here

18  until the order for supplemental evidence to show the supposed presence in the United States.

19  Knowing how the requested photograph would expose the scheme, they dismissed voluntarily.

20      *Third*, plaintiffs contend that their operations are not at issue and that they complied

21  (after the fact) with the Court's order for supplemental evidence.  Even though the Court

22  appreciates plaintiffs eventually providing pictures of what seems like principal Maxim

23  Korolevich's residential home, the absence of an official place of business here in the United

24  States indicates that not only 50Mango, but also plaintiffs are physically present only in Ukraine

25  and any "presence" here was manufactured, to be generous.

26      *Lastly*, in response to this Court's request at oral argument, 50Mango's counsel provided

27  the transcript of the case management conference held February 16, 2017, in which plaintiffs'

28  counsel asserted that Tapgerine has "significant operations in California" (Dkt. No. 49).

4

Plaintiffs' counsel further stated that Tapmedia and Tapgerine have real employees "located in Las Vegas and California." This was a severe overstatement of plaintiffs' actual presence in the United States. According to plaintiffs' CEO Korolevich, Tapgerine — not Tapmedia — has "one additional employee . . . located in Las Vegas" and no mention was made of any operations in California (Dkt. No. 42-1).

This order therefore finds that plaintiffs' reckless disregard in ascertaining the proper forum for this action, combined with the apparent improper purpose of this litigation, constitutes bad faith.

## 2.    MEET AND CONFER.

In connection with the motion for attorney's fees, 50Mango's counsel violated our district's rules. 50Mango's counsel failed to meet and confer with the opponent prior to filing the motion for attorney's fees. Pursuant to Civil Local Rule 54-5(a), "[c]ounsel for the respective parties must meet and confer for the purpose of resolving all disputed issues relating to attorney's fees before making a motion for award of attorney's fees." Prior to ruling on the merits of the motion before us, this Court ordered the parties to meet and confer in good faith "for the purpose of resolving all disputed issues relating to the attorney's fees." The belated meet and confer took place on April 18, 2017.

The meet and confer requirement is meant to avoid unnecessary and burdensome litigation over the issue of attorney's fees and failing to comply with it is a permissible ground for the denial of attorney's fees. Nevertheless, district courts within the Ninth Circuit have granted attorney's fees despite a plaintiff's failure to meet and confer when compliance with the requirement would be futile. *Yue v. Storage Technology Corp.*, No. C 07-05850 JW, 2008 WL 4185835, at *7 (N.D. Cal. Sept. 5, 2008) (Judge James Ware); *May v. Metropolitan Life Ins. Co.*, No. C 03-5056CW, 2005 WL 839291, at *1 (N.D. Cal. April 7, 2005) (Judge Claudia Wilken).

The situation before us, in which counsel for 50Mango apologizes for the violation, but does not proffer an explanation, involves two contentious opponents, stubborn to the $n^{th}$ degree. The communications of the attempted meet and confer on the day of the deadline, the settlement

1  discussion as well as the belated meet and confer reflect the overall attitude of antagonism and

2  lack of cooperation between the parties.

3       Upon realizing the meet and confer requirement, 50Mango's counsel reached out to

4  plaintiffs' counsel on March 30, 2017, the day of the Rule 54-5(a) deadline, only to be met with

5  a refusal to confer on the issue of attorney's fees and a threat that if 50Mango were to proceed

6  with the motion, plaintiffs would consider moving for Rule 11 sanctions as well as refiling suit

7  (Dkt. No. 37-3 ¶ 2, 6; Dkt. No. 41-1, Exh. B).  On April 10, 2017, the parties further engaged in

8  a settlement discussion that was of no avail (Dkt. No. 45-1 ¶3).  Additionally, pursuant to the

9  prior order, the parties met and conferred after the fact on April 18, 2017, only to find

10  themselves at the same impasse as they were when 50Mango filed the motion for attorney's fees

11  (*Id.* ¶ 4).  All this makes it clear that a meet and confer beforehand would have been futile.

12       Taking into account plaintiffs' bad faith usage of judicial resources, public policy

13  strongly favors disposition of this motion on its merits.  The Court therefore will excuse

14  50Mango's noncompliance with the meet and confer requirement.

15  **CONCLUSION**

16       For the foregoing reasons, defendant's motion for an award of attorney's fees is

17  **GRANTED**.  Plaintiffs Tapgerine, LLC, and TapMedia, LLC, are hereby ordered jointly and

18  severally to pay $30,865.50 to defendant 50Mango, Inc.

19

20       **IT IS SO ORDERED.**

21

22  Dated:  May 11, 2017.

23                                 WILLIAM ALSUP
                               UNITED STATES DISTRICT JUDGE

24

25

26

27

28